FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2013 JAN -9 AM 8:34
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| ABIGAIL G. HICKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CV 112-164 |
| LINDA GUNTER, HUMANA ) | |
| GOVERNMENT BUSINESS, INC. ) | |
| a/k/a HUMANA MILITARY ) | |
| HEALTHCARE SERVICES, INC., and ) | |
| HUMANA INC., ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed the above-captioned employment discrimination case *pro se*. As Plaintiff's complaint was filed IFP, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii).

Accordingly, on November 8, 2012, the Court reviewed Plaintiff's complaint in conformity with the IFP statute. Because of pleading deficiencies, Plaintiff was directed to file an amended complaint. (Doc. no. 4.) Plaintiff filed an amended complaint, and it is that

document that the Court will now screen. (Doc. no. 5.)

I. **BACKGROUND**

Liberally construing Plaintiff's amended complaint, the Court finds the following. Plaintiff names three Defendants: (1) Humana Government Business, Inc., a/k/a Humana Military Healthcare Services (hereinafter "HGB"), which "operated and maintained a healthcare business" at Fort Gordon, Georgia; (2) Humana, Inc. (hereinafter "Humana"), a subsidiary of HGB; and, (3) Linda Gunter, Plaintiff's supervisor. (Doc. no. 5, pp. 2-3.) Plaintiff avers that she is an African-American woman who suffers from a "chronic progressive neurological disorder," which renders her disabled. (Id. at 2.) According to Plaintiff, she was hired by Defendants (she does not specify which) as a Customer Care Representative at HGB's "Augusta TSC" on or about April 23, 2007. (Id. at 3.) Plaintiff asserts that she "was qualified for her position as a Customer Care Representative and could perform the essential functions of her job, in spite of her disability and with accommodations." (Id.) Plaintiff reports that Defendant Gunter, a Caucasian female and a manager at TSC, interviewed Plaintiff and "was aware of Plaintiff's disability." (Id.)

Plaintiff asserts that Defendant Gunter had supervisory authority over Plaintiff, as well as the authority to discipline, hire, and fire employees, and "began to harshly criticize, belittle, threaten, and humiliate Plaintiff in front of her co-workers." (Id.) According to Plaintiff, Defendant Gunter "would make racial comments in the presence of Plaintiff and other co-workers and would discipline the African-American employees more harshly than she would Caucasian employees." (Id. at 4.) Plaintiff also alleges that Defendant Gunter made threatening comments to Plaintiff, such as "I ought to just slap you" and "I ought to kill you."

2

(Id. at 3.) Plaintiff states that she "complained often," but the complaints "went unresolved because [Defendant] Gunter exercised much influence and control over the facility and the employees." (Id. at 4.)

Plaintiff further alleges that Defendant Gunter "would poke fun of Plaintiff's very apparent limitations and criticize Plaintiff's work because of these physical limitations." (Id.) Plaintiff also states that she requested accommodations, such as days off when she was ill, additional time to complete tasks, and time to go to medical appointments, and that Defendant Gunter "frequently made comments" about Plaintiff's requests for time off, "many times going as far [as] to demand that Plaintiff reschedule medical appointments." (Id.)

Plaintiff reports that she was terminated by Defendant Gunter on August 11, 2010, and received a memo stating that it was due to Plaintiff's "competency," her failure to sit in her assigned cubicle, and "continued inappropriate behavior." (Id.) Plaintiff asserts that these reasons were "simply a cover to hide" Defendant Gunter's "unlawful discriminatory motives because of Plaintiff's race and disability." (Id. at 5.) Plaintiff alleges that Defendant Gunter replaced Plaintiff "with a Caucasian, non-disabled employee." (Id.)

Plaintiff also asserts that Defendant Gunter had previously worked at the company's Albany, Georgia location, but was transferred to the Augusta facility "because of numerous complaints that she discriminated against African-American employees, subjecting them to a hostile work environment." (Id. at 4.) According to Plaintiff, Defendant Gunter has "made false allegations against other African-American employees to have reason to terminate such employees' employment." (Id. at 5.) Plaintiff alleges that Defendants HGB and Humana "retained Gunter as an employee and continued to let her hold supervisory authority over African-American employees" despite "knowing of Gunter's propensity to discriminate against

3

African-American employees and her history of creating hostile work environments for African-American employees." (Id.) Plaintiff seeks back pay, punitive damages, and compensatory damages as relief.

## II. DISCUSSION

Plaintiff has attempted to state claims under Title VII and the Americans with Disabilities Act ("ADA") against her supervisor, Defendant Gunter, for the actions described above. However, supervisory employees such as Defendant Gunter cannot be held liable under Title VII in their individual capacities. Cross v. Alabama Dep't of Mental Health & Mental Retardation, 49 F.3d 1490, 1504 (11th Cir. 1995) ("Individual capacity suits under Title VII are . . . inappropriate." (quoting Busby v. City of Orlando, 931 F.2d 764, 773 (11th Cir. 1991))). The ADA likewise precludes individual capacity suits. Mason v. Stallings, 82 F.3d 1007, 1009 (11th Cir. 1996) ("[T]he Disabilities Act does not provide for individual liability, only for employer liability.")

Rather, "the proper method for a plaintiff to recover under Title VII [or the ADA] is by suing the employer, either by naming the supervisory employees as agents of the employer or by naming the employer directly." Cross, 49 F.3d at 1504. Moreover, where a plaintiff has named her employer as a defendant, a supervisory employee named as an agent of the employer (i.e., sued in her official capacity) may properly be dismissed, as any recovery will be obtained from the employer, making the supervisor an unnecessary party to the suit. Wheeles v. Nelson's Elec. Motor Servs., 559 F. Supp.2d 1260, 1267 (M.D. Ala. 2008) ("[W]hen a plaintiff names both the employer and the individual supervisor in his official capacity, the supervisor may be dismissed from the action."); see also Clifton v. Ga. Merit

4

Sys., 478 F. Supp. 2d 1356, 1362 (N.D. Ga. 2007) (where employer was named as a defendant, plaintiff's ADA claims against individual defendants were dismissed as "redundant").

Here, Plaintiff does not specify whether she seeks to proceed against Defendant Gunter in her individual or official capacity. However, the Title VII and ADA claims against Defendant Gunter should be dismissed in either case, as she may not be sued in her individual capacity under those statutes and is subject to dismissal if sued in her official capacity in light of the fact that Plaintiff has named her employer as a Defendant.[1]

### III. CONCLUSION

For the reasons set forth above, this Court **REPORTS** and **RECOMMENDS** that Plaintiff's claims under Title VII and the ADA against Defendant Gunter be **DISMISSED**.[2]

SO REPORTED and RECOMMENDED this 9th day of January, 2013, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[1] As noted in a simultaneously issued Order directing service of process, while it is clear from the allegations in Plaintiff's amended complaint that either HGB or Humana is her employer, it is unclear which of the two is, or whether they might both constitute her employer. (See doc. no. 5.) In any event, this uncertainty does not alter the analysis here, as Plaintiff has still named her employer as a Defendant, rendering her claims against Defendant Gunter in her official capacity redundant.

[2] In a simultaneously issued Order, the Court has directed that service of process be effected on Defendants HGB and Humana based on Plaintiff's disparate treatment and hostile work environment claims under Title VII and 42 U.S.C. § 1981, her discrimination claim under the ADA, and her negligent retention claim, and that service of process be effected on Defendant Gunter based on Plaintiff's disparate treatment and hostile work environment claims under § 1981.